THE STATE, *ex rel.* A. T. & S. F. RLD. CO., v. JOHN FRANCIS, *State Treasurer.*

TAXING RAILROAD PROPERTY, *in Unorganized Counties; Rebate.* Parties paying taxes on railroad property in the unorganized counties, levied in accordance with the provisions of § 37 of the tax laws of 1876, are entitled to the same rebate as tax-payers in the organized counties.

*Original Proceedings in Mandamus.*

MANDAMUS, brought by the *A. T. & S. F. Rld. Co.*, plaintiff, against *John Francis*, as treasurer of state, defendant, to compel said treasurer at once to receive, from the plaintiff, the sum of $3,572.30, being the entire amount of the taxes for the year 1879, alleged to be due from said company upon its railroad property, in the unorganized counties of Foote, Sequoyah, Kearney and Hamilton, less the rebate of five per cent. upon the one-half thereof, and to give the plaintiff a receipt in full for the taxes aforesaid. The opinion herein was filed March 30, 1880.

*Ross Burns*, and *J. G. Waters*, for plaintiff.

*Willard Davis*, attorney general, for defendant.

The opinion of the court was delivered by

BREWER, J.: The question in this case is as to the right to a rebate upon the taxes on railroad property in the unor-

ganized counties. We had before us some two or three years ago, the question of the validity of such taxes, and after considerable hesitation decided that § 37 of the tax law of 1876, which provided for them, was constitutional. (*Francis v. A. T. & S. F. Rld. Co.*, 19 Kas. 303.) Now the railroad company insists that if such taxes are binding upon its property, then it is entitled to the same rebate for prompt payment as other tax-payers, paying taxes on property within the organized counties.

Section 37, above referred to, contains all the provisions having special reference to said taxes, or the manner of their collection. It provides that after the assessment by the state board, it shall be the duty of the state auditor to make the levy of the state tax upon the railroad property in the unorganized counties, and place the same in the hands of the state treasurer for collection, and if said taxes are not paid by January 1, then the treasurer is to issue his warrant to any sheriff in the state, commanding him to levy for such taxes, with the additional per cent. thereon, together with his fees for collecting. Nothing is said about any rebate, no provision made for a semi-annual payment, and the time of payment differs from that fixed for other taxes. The general tax law provides that one-half the taxes must be paid by December 20th, and the other half by the 20th of the following June. If the tax-payer chooses to pay the entire tax by December 20th, a rebate of five per cent. on the latter half is allowed him. And if no part of such tax is paid, the whole becomes due on December 21st, and a penalty of five per cent. is added. These provisions are, of course, to induce prompt payment. The section authorizing these rebates and penalties closes with this proviso: "*Provided*, All penalties shall be credited to the county fund, and all rebates charged to the same fund."

The argument against the right to a rebate is, that the legislature has failed to authorize such rebate, and that therefore the courts may not interpolate into the law a permit therefor; that if the law as it stands is valid, the courts must uphold it;

if invalid, they must declare its invalidity; that if deficient, they may not supply the deficiency, and if its deficiency be such as to render it invalid, they may not add the provision needed to render it constitutional, but must declare its *status* according to its present terms, and leave to succeeding legislatures to take such action as shall be deemed best. Further, the argument goes that no rebate is in fact ever made upon the state tax; that the state always receives its taxes entire, and that any rebate authorized is a deduction from the county tax; that if this claim for rebate is sustained, the railroad company will pay by $2\frac{1}{2}$ per cent. a less state tax in the unorganized than in the organized counties.

The argument on the other side is, that while the court may not legislate, it may enforce constitutional limitations upon legislative enactments, always sustaining the latter up to the point where the superior law of the constitution interferes; that the general tax law authorizes a rebate; that the constitutional requirement is of a uniform and equal rate of assessment and taxation; that this constitutional requirement is indeed but the expression of a general principle underlying all valid taxation; that, as the general law authorizes a rebate, the constitutional provision carries the rebate into any special proceeding for the taxation of particular property; that the general tax law and this special section, being *in pari materia*, must be construed together; that the latter, being special and limited, only changes the general law so far as it expressly prescribes, and that in all other matters the provisions of the general law control; and finally that, in terms, a rebate on all taxes in the organized counties is allowed, and that whatever arrangement may be made between the county and the state as to who shall bear the burden of this rebate as between the public and the tax-payer, the rebate runs upon all taxes. We concur with the plaintiff in the argument last suggested. The question arises between the tax-payer and the public; as between these two parties the general law grants a rebate on all taxes. Paying in an unorganized county only his state, and litigating all other taxes, the tax-payer may insist upon the

32—23 KAS.

rebate. So far as the claim of the state upon the individual is concerned, it is satisfied when the tax, less the rebate, is paid. So far as the obligation of the individual to the state is concerned, it is discharged when the tax, less the rebate, is paid. Uniformity, enforced by constitutional mandate, would therefore seem to require that the general rule obtaining in all the organized counties and settled portions of the state should be operative wherever the state demands and collects taxes. The general rule should control the special case, rather than the special case destroy the general rule. The rule as to rebates, though existing prior to 1876, was reënacted, together with the provision for collecting taxes in unorganized counties, in the one chapter of the statutes of that year concerning assessment and taxation. They constitute, therefore, concurrent legislation, affect the same subject-matter, are in the same chapter, and the special proceeding is to be construed as departing from the general only in so far as it expressly prescribes a departure. Further, the section clearly recognizes the applicability of other general provisions. It in terms prescribes no penalty, yet the warrant to the sheriff commands a levy for the tax, "with the additional per cent. thereon." What per cent.? None is named. Can it be other than the per cent. added in case of other delinquency, that prescribed by the general rule? If the general rule as to penalty controls, why not as to rebate? It may be conceded that the language is not clear, specific and full, yet we think it is sufficiently so to manifest the legislative intent, and that which is within the intent is within the statute, although without the letter. Such construction harmonizes the section with the rest of the statute, and with the constitution, and therefore must obtain.

Judgment will be entered in favor of the plaintiff, commanding the defendant to issue a receipt in full, upon the tender being made good by the railroad company.

All the Justices concurring.